Marcovitz *v.* Philadelphia School District et al., Appellants.

Argued January 26, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert von Moschzisker* and *Franklin S. Edmonds,* for appellants.

*Wesley Hurst Caldwell,* with him *Abraham Koppelman,* for appellee.

*Wm. A. Schnader,* with him *Louis F. Floge* and *Bernard G. Segal,* for United Committee, under Rule 61.

OPINION BY MR. JUSTICE DREW, March 30, 1939:

Lillian Marcovitz entered the employ of the School District of Philadelphia as an elementary school teacher in charge of a special class in 1928 and still occupies that position. At the effective date of the Tenure Act she was receiving $2,300 per year. Thereafter she requested the School District to enter into a contract with her as provided by the Tenure Act in the amount of $2,400. Upon its refusal to insert in the contract more than $2,100 per year (the minimum salary to which she was entitled under the Edmonds Act of April 28, 1921, P. L. 328, as amended), she filed a petition for a writ of alternative mandamus to compel the School District to issue a contract in the amount of $2,400. An answer was filed to the petition setting forth the same facts as in the case of *Smith v. Philadelphia School District,* 334 Pa. 197. After hearing the case on petition and answer the court below directed a peremptory writ of mandamus to issue as prayed for, and the School District took this appeal.

For the reasons stated in *Smith v. Philadelphia School District,* supra, appellants could reduce appellee's salary to $2,100. Appellee's other contention that the Act of March 26, 1925, P. L. 78 (amending section 1210 of the School Code of May 18, 1911, P. L. 309) guarantees her a salary of $300 above the minimum provided in the Edmonds Act has no merit.

Since the effective date of the Act of 1925, supra, the School District has received each year from the Commonwealth, in addition to other state appropriations, $300 for each full time teacher on its rolls in charge of a special class, and $300 for each full time supervisor and principal of special schools or classes maintained by the School District. Appellee contends that this sum must be paid to her by appellants as additional compensation and cannot be used for the general expenses of the district in maintaining such classes.

A careful examination of the provisions of the School Code together with the amendments thereto convinces us that appellee's contention cannot be sustained. Section 1413 of the Code as amended requires the School District to establish special classes for retarded children. This section further provides: "School districts maintaining special classes . . . as hereinbefore specified in this section, shall receive *reimbursement,* as provided by law, so long as such classes, . . . are approved by the State Council of Education. . . ." (Italics ours.) Section 1 of the Act of 1925, supra, which authorizes the payment of additional appropriations to school districts maintaining such classes, is as follows: "That for each full time teacher of a special class, and for each full time supervisor or principal of special schools or classes organized by any school district and approved under legislation providing for the special education of physically or mentally handicapped pupils, there shall be paid to the district, in addition to other payments herein provided, sums as follows. . . ."

When these sections are read together it is apparent that the $300 received by the School District for each full time teacher of a special class is by way of reimbursement for the general expenses of maintaining special classes. The salary of a teacher is only one of the factors which increase the cost of educating handicapped children. Special schools and equipment, the establishment of mental clinics, the services of psychologists and therapeutists add to the costs of this type of instruction. To aid the district in meeting these extraordinary expenses the legislature has provided this special state appropriation. The provisions of the act expressly state that the sum so allocated shall be paid to the district and nowhere has the legislature directed or restricted the use of the money to the payment of teachers' salaries. The words of the act "for each full time special teacher of a special class" mean only that the appropriation is to be measured by the number of teachers.

For the foregoing reasons, appellants were entitled to make the salary reductions effected by the resolution of January 11, 1938. Therefore, appellants should be directed to enter into a contract with appellee in the manner and form prescribed by the Tenure Act in the sum of $2,100, plus any increment that may have accrued to her, as provided by the Edmonds Salary Schedule, since the effective date of the Tenure Act. The record is remitted to the court below for the purpose of entering a judgment in conformity herewith.

Judgment, as modified, affirmed; costs to be paid by appellants.